**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | |
|---|---|
| GERALD THOMPSON,<br>    Plaintiff, | Case No. 1:20-cv-398 |
| vs. | Dlott, J.<br>Litkovitz, M.J. |
| TRAVIS TACKETT, et al.,<br>    Defendants. | **ORDER AND REPORT<br>AND RECOMMENDATION** |

    Plaintiff Gerald Thompson, an inmate currently incarcerated at the Correctional Reception Center (CRC) in Orient, Ohio, has filed a prisoner civil rights complaint against defendants the Ohio Department of Rehabilitation and Corrections (ODRC); Southern Ohio Correctional Facility (SOCF) Correctional Officer Travis Tackett; and CRC employees Dr. McCafferty and Nurse Practitioner Corceta Hazard.  (Doc. 1).  Plaintiff has not paid the filing fee or moved for leave to proceed *in forma pauperis*.

    The complaint includes distinct and separate factual allegations about incidents at SOCF and CRC.  Plaintiff claims that on June 18, 2018, defendant Tackett attacked him while plaintiff was an inmate at SOCF.  (Doc. 1 at PageID 7).  According to plaintiff, he had to engage in two hunger strikes to obtain medical treatment for his injuries.  (*Id.* at PageID 7–8).  Plaintiff was subsequently transferred to the CRC.  The complaint includes additional allegations regarding the alleged denial of medical care at the CRC against the remaining defendants.  (*Id.* at PageID 8–11).

    It appears that the case is properly filed with this Court to the extent that plaintiff brings claims regarding his June 18, 2018 attack by defendant Tackett.  SOCF is located in Scioto County, a county within the Western Division that is served by this Court.  *See* Local Rule 82.1(b).  However, CRC is in Pickaway County, which is located within this District's Eastern

Division.  *See id.*  The claims contained in the instant complaint relating to incidents and conditions occurring at CRC are separate and distinct from the one that is properly before this Court as they arose at another location outside this Court's purvey, involve different defendants, and stem from different conditions and incidents occurring in different time frames.  Therefore, plaintiff's joinder of the two sets of claims in a single civil action does not satisfy the criteria for joinder under Fed. R. Civ. P. 20(a).  Fed. R. Civ. P. 21 provides that the misjoinder of parties "is not a ground for dismissing an action," and the court may "on its own . . . add or drop a party" and "sever any claim against a party."   Here, it is appropriate to order the severance of those claims that fall outside this Court's venue jurisdiction.  Once the claims are severed, the claims must be transferred to the Eastern Division of this Court under Local Rule 82.1 because "that is where the rule would have required them to be brought had they been properly filed in a separate action."  *Cf. Brown v. Warden Voorhies, et al.*, No. 2:07-cv-13 (S.D. Ohio June 13, 2007) (Frost, J.; Kemp, M.J.) (Doc. 6, p. 3).

With respect to the claims against Tackett at SOCF, the Court would ordinarily issue a Deficiency Order in light of Mr. Thompson's failure to pay the filing fee or move to proceed *in forma pauperis*.  However, the Court will not enter a Deficiency Order at this time because Mr. Thompson is not entitled to proceed with this matter *in forma pauperis* in view of his history of frivolous litigation.

A prisoner's right to proceed *in forma pauperis* has been restricted by Congress.  In accordance with section 804(d) of the Prison Litigation Reform Act (PLRA) of 1995, Pub. L. No. 104-134, 110 Stat. 1321, amending 28 U.S.C. § 1915:

2

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

Mr. Thompson is prohibited by § 1915(g) from proceeding *in forma pauperis* in this case because three prior complaints filed by him while he has been a prisoner were dismissed with prejudice at the screening stage for failure to state a claim upon which relief may be granted. *See Thompson v. Bennett*, Case No. 2:17-cv-461 (S.D. Ohio Nov. 3, 2017) (Smith, J.; Deavers, M.J.) (Doc. 44); *Thompson v. Erdos*, Case No. 1:16-cv-770 (S.D. Ohio Jan. 3, 2017) (Black, J.; Litkovitz, M.J.) (Doc. 19); *Thompson v. Koch*, Case No. 1:15-cv-1746 (N.D. Ohio Oct. 20, 2015) (Gwin, J.) (Doc. 3). The previous three screening dismissals prevent the plaintiff from obtaining pauper status in the instant action.

In view of his three "strikes," Mr. Thompson may not proceed *in forma pauperis* unless he falls within the statutory exception set forth in 28 U.S.C. § 1915(g), which applies to prisoners who are "under imminent danger of serious physical injury." Under the plain language of the statute, plaintiff must be in imminent danger at the time that he seeks to file his suit in federal court to qualify for the exception to the "three strikes" provision of § 1915(g). *See Vandiver v. Vasbinder,* 416 F. App'x 560, 561-62 (6th Cir. 2011) (and cases cited therein) (holding in accordance with other circuit courts that "the plain language of § 1915(g) requires the imminent danger to be contemporaneous with the complaint's filing"); *accord Chavis v. Chappius,* 618 F.3d 162, 169 (2nd Cir. 2010) (citing *Malik v. McGinnis*, 293 F.3d 559, 563 (2nd Cir. 2002));

3

*Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003); *Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003); *Abdul-Akbar v. McKelvie*, 239 F.3d 307, 312 (3rd Cir. 2001) (en banc); *Medberry v. Butler*, 185 F.3d 1189, 1193 (11th Cir. 1999); *Banos v. O'Guin*, 144 F.3d 883, 884 (5th Cir. 1998) (per curiam); *Chase v. O'Malley*, 466 F. App'x 185, 186-87 (4th Cir. 2012) (per curiam). *Cf. Pointer v. Wilkinson*, 502 F.3d 369, 371 n.1 (6th Cir. 2007). "By using the term 'imminent,' Congress indicated that it wanted to include a safety valve for the 'three strikes' rule to prevent impending harms, not those harms that had already occurred." *Abdul-Akbar*, 239 F.3d at 315.

The Court is unable to discern from plaintiff's complaint any facts showing he meets the statutory exception. There is no indication that plaintiff is under "imminent danger of serious physical injury" due to his allegation that he was attacked by defendant Tackett or denied medical care at SOCF. Plaintiff complains about actions that occurred approximately two years ago. He is now housed at a different institution and faces no threat of harm, let alone any imminent danger of serious physical injury related to the allegations properly venued in this action. *See Rittner v. Kinder,* 290 F. App'x 796, 797–98 (6th Cir. 2008) ("a prisoner's assertion that he or she faced danger in the past is insufficient to invoke the exception"); *Abdul-Akbar*, 239 F.3d at 315 (3rd Cir. 2001) (en banc) (allegations of past harms are insufficient to meet the exception). As plaintiff has failed to allege particular facts showing any immediate or impending serious physical injury, he does not meet the exception to section 1915(g).

**IT IS THEREFORE ORDERED THAT:**

Plaintiff's claims against defendants Dr. McCafferty, Nurse Practitioner Hazard, and the ODRC regarding his allegations of the denial of medical treatment at CRC be severed from this

case and transferred to the Eastern Division of this Court at Columbus.

To effectuate this Order, the Clerk shall open a new case in the Eastern Division and shall file all the documents of record that have been filed thus far in this case in the new case. However, the Clerk shall cause the docket in the new case to reflect as defendants only those parties identified as defendants in the severed cause of action.

**IT IS THEREFORE RECOMMENDED THAT:**

1. Plaintiff be ordered to pay the full $400 fee ($350 filing fee plus $50 administrative fee) required to commence this action within thirty (30) days, and that plaintiff be notified that his failure to pay the full $400 fee within thirty days will result in the dismissal of his action. *See In re Alea*, 286 F.3d 378, 382 (6th Cir. 2002).

2. The Court certify pursuant to 28 U.S.C. § 1915(a)(3) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith. *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

Date: June 16, 2020

Karen L. Litkovitz
United States Magistrate Judge

.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

GERALD THOMPSON,   Case No. 1:20-cv-398
    Plaintiff,

                        Dlott, J.
vs.                          Litkovitz, M.J.

TRAVIS TACKETT, et al.,
    Defendants.

**NOTICE**

    Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).