# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**GERALD THOMPSON,**

    **Plaintiff,**

                      **Civil Action 2:20-cv-3067**

    v.                    **Judge Sarah D. Morrison**

                        **Magistrate Judge Chelsey M. Vascura**

**DR. MCCAFFERTY,** *et al.***,**

    **Defendants.**

## REPORT AND RECOMMENDATION

On May 19, 2020, Plaintiff, Gerald Thompson, a state prisoner proceeding without the assistance of counsel, filed this action in the Southern District of Ohio in the Western Division at Cincinnati, asserting claims against prison officials at both the Correctional Receptions Center ("CRC") and also the Southern Ohio Correctional Facility ("SOCF"). On June 17, 2020, the Court severed the claims Plaintiff asserts based upon alleged incidents occurring at CRC, transferring those claims to the Southern District of Ohio Eastern Division at Columbus, pursuant to Federal Rule of Civil Procedure 21. Thus, this action involves only Plaintiff's claims relating to the incidents he alleges occurred at CRC. Plaintiff has not paid the filing fee or moved for leave to proceed *in forma pauperis*. For the reasons that follow, it is

**RECOMMENDED** that Plaintiff be ordered to pay the full $400 fee ($350 filing fee, plus $50 administrative fee) required to commence this action within thirty days and that Plaintiff be advised that failure to timely pay the full $400 fee will result in the dismissal of his action. *See In re Alea*, 286 F.3d 378, 382 (6th Cir. 2002).

## I.

Congress has restricted a prisoner's right to proceed *in forma pauperis*. In accordance with Section 804(d) of the Prison Litigation Reform Act ("PLRA") of 1995, Pub. L. No. 104-134, 110 State 1321, amending 28 U.S.C. § 1915:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

Here, as Magistrate Judge Litkovitz observed, Plaintiff has had three such dismissals:

> Mr. Thompson is prohibited by § 1915(g) from proceeding *in forma pauperis* in this case because three prior complaints filed by him while he has been a prisoner were dismissed with prejudice at the screening stage for failure to state a claim upon which relief may be granted. *See Thompson v. Bennett*, Case No. 2:17-cv-461 (S.D. Ohio Nov. 3, 2017) (Smith, J.; Deavers, M.J.) (Doc. 44); *Thompson v. Erdos*, Case No. 1:16-cv-770 (S.D. Ohio Jan. 3, 2017) (Black, J.; Litkovitz, M.J.) (Doc. 19); *Thompson v. Koch*, Case No. 1:15-cv-1746 (N.D. Ohio Oct. 20, 2015) (Gwin, J.) (Doc. 3). The previous three screening dismissals prevent the plaintiff from obtaining pauper status in the instant action.

(June 17, 2020 Order and R&R 3, ECF No. 2 at PAGEID # 30.)

In view of Plaintiff's multiple "strikes," he is deemed a "three striker" under § 1915(g) such that he may not proceed *in forma pauperis* unless he falls within the statutory exception set forth in § 1915(g), which applies to prisoners who are "under imminent danger of serious physical injury." "[T]he imminent danger exception is essentially a pleading requirement subject to the ordinary principles of notice pleading." *Vandiver v. Prison Health Servs., Inc.*, 727 F.3d 580, 585 (6th Cir. 2013) (internal quotation marks and citation omitted). To satisfy this pleading standard, "[a] plaintiff must . . . allege[] facts from which a court, informed by its judicial experience and common sense, could draw the reasonable inference that he was under an

2

existing danger at the time he filed his complaint." *Id.* (citing *Taylor v. First Med. Mgmt.*, 508 F. App'x 488, 492 (6th Cir. 2012)) (internal quotation marks and citations omitted). Imminent danger means that "the threat or prison condition must be real and proximate and the danger of serious physical injury . . . ." *Vandiver*, 727 F.3d at 585 (internal quotation marks and citation omitted).

The undersigned is unable to discern any facts from Plaintiff's Complaint relating to the incidents or Defendants at CRC that establish that he meets the statutory exception set forth in § 1915(g). With respect to events occurring at CRC, Plaintiff appears to allege that after he went on a second hunger strike, Defendant Dr. McCafferty (a psychiatrist at CRC), changed his medication. In particular, Dr. McCafferty took Plaintiff off of the medications Zoloft and Coratol, which Plaintiff alleges he has taken for over a decade without injuring himself. According to Plaintiff, Dr. McCafferty replaced his existing medication regimen with mental-health medications that Plaintiff speculates are experimental and toxic to his body. Plaintiff maintains that Dr. McCafferty's actions violate the Americans with Disability Act. He also maintains that Dr. McCafferty's actions violate the First Amendment because of his "religious devotion to heart, mind, [and] body purity." (Compl. 10, ECF No. 1 at PAGEID # 10.) Plaintiff's disagreement over the medications Dr. McCafferty has prescribed to treat his mental-health impairments fails to demonstrate that he is "under imminent danger of physical injury" as contemplated under § 1915(g).[1]

---

[1] Though the Court need not opine on the merits of Plaintiff's claims at this juncture, the undersigned notes that Plaintiff's disagreement over the medications he has been prescribed is insufficient to state a cognizable Eighth Amendment medical indifference claim. *See, e.g.*, *Owens v. Hutchinson*, 79 F. App'x 159, 161 (6th Cir. 2003) ("A patient's disagreement with his physicians over the proper medical treatment alleges no more than a medical malpractice claim, which is a tort actionable in state court, but is not cognizable as a federal constitutional claim."); *Apanovitch v. Wilkinson*, 32 F. App'x 704, 707 (6th Cir. 2002) ("[A] difference of opinion between [a prisoner] and the prison health care providers and a dispute over the adequacy of [a prisoner's] treatment . . . does not amount to an Eighth Amendment claim.").

Because Plaintiff has failed to satisfy the exception set forth in § 1915(g), the undersigned makes the following **RECOMMENDATIONS**:

1. Plaintiff be **ORDERED** to pay the full $400 filing fee ($350 filing fee, plus $50 administrative fee) required to commence this action **WITHIN THIRTY DAYS**, and that the Court advise Plaintiff that his failure to timely pay the full $400 fee within thirty days will result in the dismissal of this action.

2. The Court **CERTIFY** pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of any Order adopting this Report and Recommendation would not be taken in good faith.

## PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s).  A Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made.  Upon proper objections, a Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions.  28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

/s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE